Original Copy

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**FILED - GR**
July 17, 2018 3:58 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__mkc__  SCANNED BY _____ 7/19/18

SEAN ADAM ROGERS,
        Plaintiff.

-v-

(UNKNOWN) RUIZ-OJEDA,
(UNKNOWN) BESTEMAN
Sued in their Individual Capacities
                Defendants.

USDC DOCKET No.
USDC JUDGE:

USDC MAG. JUDGE:

**2:18-cv-115**
Gordon J. Quist - U.S. District Judge
Timothy P. Greeley - U.S. Magistrate Judge

Jury Demand Trial

## 42 U.S.C §§ SECTION 1983 CIVIL RIGHTS COMPLAINT

## I. INTRODUCTION STATEMENT

This is a civil rights action filed by Sean Adam Rogers # 447843 a State prisoner, Sueing for damages and injunctions under 42 USC § 1983, alleging acts of Malicious Prosecution / Creating Falsified documents, for the wilful and Malicious influenced decision to have plaintiff disciplined, without Probable Cause and suffered forms. Meant to subject plaintiff to consequences of Cruel and Unusual Punishments. In violations of the Fourth and Eighth Amendments of the United States Constitution and acts of Retaliatory Harassment and Retaliation Harassment / Creating a false document, and Retaliation Harassment/ Civil Conspiracy. For exercising the First Amendment Right, to Petition the Government for Redress of Grievances. In violation of the UNITED STATES CONSTITUTION.

## II. PREVIOUS LAWSUIT

The Plaintiff Sean Adam Rogers #447843 has filed a previous lawsuit while incarcerated. In the Michigan Department of Correction (MDOC). Previous Lawsuit is SEAN ADAM ROGERS -cv- AMY BRADLEY et. al. Civil Docket Number 1:12-cv-01201-GJQ-ESC. Plaintiff also has "one strike". To the Three Strike Prohibition of 28 U.S.C. §1915 of the Prison Litigation Reform Act (PLRA).

## III. JURISDICTION

(1.) This District Court has jurisdiction over the Plaintiff Sean Adam Rogers claims of violations of all Federal Constitutional Right under 28 U.S.C. §§1331(a) and 1343.

## IV. PARTIES

(2.) The Plaintiff Sean Adam Rogers #447843 is a state prisoner and is confined at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF), located 1500 Caberfae Highway, Manistee, MI 49660. But All of the Grievance Processing and Procedures. Occurred at the Kinross Correctional Facility (KCF), Then (2015) located at 16770 South Water Tower Drive, Kincheloe, MI 49788. Now, Kinross Corr. Fac. 4533 West Industrial Park Drive, Kincheloe, MI, 49788.

2

(3.) Defendant (Unknown) RUIZ-OJEDA was last known, to be a MDOC Correctional Officer employed and working at Kinross Correctional Facility (KCF). He is being sued in his Individual Capacity.

(4.) Defendant (Unknown) BESTEMAN was last known, to be a Program Classification Director employeed and working at Kinross Correctional Facility (KCF). He is being sued in his Individual Capacity.

(5.) All the defendants have acted and continued to act, under the color of State Law MCL 791.203; MCL 791.206; MCL 791.251. All times relevant to this complaint. Under 18 USC § 242.

## V. ACTING UNDER COLOR, PRETENSE OF STATE LAW & RULES

(6.) All of the defendants have either acted individually or in concert, and continued to act individually or in concert, under the color or pretense of State law, customs, rules, policy (viz: MCL 791. 203; 791.206; 791.251. P.D. 03.02.130; P.D. 03.03.130; P.D. 02. 03.100; P.D. 05.01.100 (2014)) at all times relevant to the claims contained in this civil right complaint. Under 18 USC § 242.

# VI. 42 U.S.C. § 1997(e) EXHAUSTION OF ADMINISTRATIVE REMEDIES

__A.__ (7.) Plaintiff Sean Adam Rogers #447843, is currently confined within the (MDOC) Oaks Correctional Facility (ECF). Located: 1500 Caberfae Highway, Manistee, MI 49660. But All exhaustions of Administrative Remedies. At step one and step two of the Grievance Process against Defendant Ruiz-Ojeda and Defendant Besteman. Plaintiff administratively exhausted. At Kinross Correctional Facility (KCF). Located at: (Then 2015) 16770 south Water Tower Dr. Kincheloe, MI 49788. (Now) 4533 West Industrial Park Drive, Kincheloe ,MI 49788, and all step three grievances were administratively exhausted. In the MDOC Director's Office for step three grievance. Located: P.O. Box 30003, Lansing, MI 48909. Making all grievances provided by plaintiff. Properly exhausted with an administrative agency described as the Michigan Department of Corrections (MDOC).

__B.__ (8.) Grievances and Complaint identified below were submitted to the MDOC concerning the majority of claims referred to in this 42 U.S.C. § 1983 Civil Rights Complaint.

(9.) The relevant grievances filed in this Civil Rights Action alleges Malicious Prosecution/Creating falsified document; Retaliatory Harassment; Retaliation Harassment/Creating a false document; Retaliatory Harassment/Civil Conspiracy. For exercising his First, Fourth, Eighth, Fourteenth Admendment Rights of the United States Constitution. Are set forth below in sections (I - IV):

I. KCF 15 05 06 25 00 28A. Step One Grievance alleges Malicious Prosecution / Creating Falsified document. By defendant Ruiz -Ojeda without Probable Cause and undue wilful acts of Subjective and Objective actions of Cruel and Unusual Punishment in Violations under the Fourth and Eighth Amendment of the United States Constitution. The Step One Grievance was Submitted. On 4-28-15. At step one. The (non-party) KCF Grievance Coordinator Anderson "rejected" the grievance as filed "untimely". Step two appeal was submitted. On 6-4-15. Where plaintiff explained, "under P.D. 03.02.130 (S)[fn1] I timely filed. Plus stated He is not charge of when the KCF Grievance Coordinator Filed this Step one". The step two appeal was denied. On 6-16-15. By KCF Warden Duncan MacLaren[fn2] The Step three appeal was denied. On 9-24-15. By (non-party) Richard D. Russell of the MDOC Director's Office. So plaintiff has properly exhausted administrative remedies. At step one, Step two, Step three of this grievance process. (EXHIBIT "A" KCF 1505 0625 00 28A ).

---

Footnote 1, P.D. 03.02.130 (S) states; "Grievance and grievances appeal at all steps shall be considered filed on the date sent by the grievant". (See EXHIBIT "B" P.D. 03.02.130 section (S).)

Footnote 2, KCF Warden Duncan MacLaren is a non-party to this lawsuit.

II. KCF 150505350017B, Step One Grievance alleges Retaliatory Harassment. By defendant Ruiz-Ojeda. For exercising the First Amendment Right to Petition the Government for the Redress of Grievances. Under the United States Constitution. Step One grievance was submitted. On 4-29-15, At step one (non-party) KCF Sergeant McLean made a decision response saying, "There was no resolution to the grievance at Step One." On 5-5-15, The step two appeal was submitted. On 6-1-15. Step two appeal was "denied". By (non-party) KCF Warden Duncan MacLaren. On 6-11-15. The step three appeal was "upheld". By (non-party) Richard D. Russell of the MDOC Director's Office. Where a "decision date" was not provided at Step three.[3] Plaintiff has still properly exhausted his administrative remedies. At step one, Step two. step three of this grievances process. (EXHIBIT "C" KCF1505 053500017B).

---

Footnote 3 , See The Third Step Grievance of EXHIBIT "C", Which Shows "Date Received", There is no date. Plus "Date mailed" is blank. But a Step three decision was made on Plaintiff Claim.

III. KCF 1505 0552 0028A, Step One Grievance alleges Retaliation Harassment / Creating a false document. By defendant Ruiz – Ojeda. For exercising the First Amendment Right to Petition the Government for the Redress of Grievances. Under the United States. Constitution. Step One grievance was submitted. On 5-5-15. At step one (non-party) KCF Grievance Coordinator Anderson "rejected" the grievance as "duplicative" of those raised in another grievance. On 5-11-15. The step two appeal was filed. On 5-26-15. Where Plaintiff explained. There was no violations of P.D. 03.02.130 (G#1). Due to the fact. These events are of different days and Basis.[FN4] The step two appeal was "denied". By (non-party) KCF Warden Duncan MacLaren. On 6-2-15. The step three appeal was "upheld". On 10-13-15. By (non-party) Richard D. Russell of the MDOC Director's office. So plaintiff has properly exhausted administrative Remedies. At step One, Step two, Step three of this grievance process. (EXHIBIT "D" KCF 1505 0552 0028A ).

---

Footnote 4 . There is no violation of P.D. 03.02.130 (G#1) which states: Raises issues that are duplicative of those raised in another grievance Filed by the grievant. (1) Grievance Coordinator Anderson is not showing what grievance. Is this grievance "duplicative" of being. (See EXHIBIT "D" Step One Response of KCF Grievance Coordinator Anderson.) (also See EXHIBIT "B" P.D. 03.02.130 PRISONER and PAROLEE GRIEVANCES Section G#1).

IV. KCF150505510028A, Step One Grievance alleges Retaliation Harassment/Civil Conspiracy (Staff Corruption). By defendant Besteman and coconspiractor defendant Ruiz-Ojeda. For the exercising the First Amendment Right. To Petition the Government for the Redress of Grievances. Under the United States Constitution. Step One was submitted. On 5-11-15. At Stepone (non-party) KCF Grievance Coordinator Anderson "rejected" the grievance as "duplicative" of those raised in another grievance". On 5-11-15. The step two appeal was submitted. On 5-26-15. Where Plaintiff explained. There was no violations of P.D.03.02.130 (G#1). Due to the fact. The grievance is on Defendants Besteman and coconspiractor Ruiz-Ojeda and of different days events and basis.[FN5] The step two appeal was "denied". By (non-Party) KCF Warden Duncan Mac Laren. On 6-2-15. The step three appeal was "upheld", On 10-13-15. By (non-party) Richard D. Russell of the MDOC Director's office. So Plaintiff has properly exhausted administrative remedies. At step One, step two, step three of this grievance process. (EXHIBIT "E" KCF150505510028A).

---

Footnote 5. There is no violation of P.D. 03.02.130 (G#1) which states: Raises issues that are duplicative of those raised in another grievance filed by the grievant. (1) Grievance Coordinator Anderson is not stating what grievance. This grievance is "duplicative" of, (See EXHIBIT "E" STEP ONE Response of KCF Griev. Coordinator Anderson) (also see EXHIBIT "B" P.D.03.02.130 (G#1).

# VII. STATEMENT OF FACTS

(10) On 4-23-15. Defendant Ruiz-Ojeda told plaintiff Rogers. He was receiving a misconduct charge of "Out of Place". For being in the KCF Food Service. During Formal Count time. Without staff permission.

(11) In that moment of 4-23-15. Plaintiff told defendant Ruiz-Ojeda, "KCF ARAMARK Food Service Supervisor "Plont". Told me. To stay through Formal Count time.

(12) ARAMARK Food Service Plont. Came and informed defendant Ruiz-Ojeda, "Rogers had my permission. To stay at work. At Formal Count time".

(13) On that same day of 4-23-15. Defendant Ruiz-Ojeda told Plaintiff. He was still filing that disciplinary charge of being "Out of Place". No matter what Food Supervisor Plont is saying, "He gave you. "Permission to do".

(14) Later that day. On 4-23-15. Plaintiff was called to the KCF Control Center. By KCF Sergeant McLean. Where plaintiff was notified that defendant Ruiz-Ojeda. Did filed the "Out of Place" misconduct. On Plaintiff.

(15) Plaintiff was then laid-in[FN6] from his KCF Food Service Job assignment.

Footnote 6: "Laid-in" means to be "suspended" from the assignment.

9

(16) On 4-24-15. KCF ARAMARK Food Service Supervisor Cursi had defendant Ruiz-Ojeda. Who was KCF Chow Hall desk officer. For that day. Call to the KCF Housing Unit C-One Level. Officer Mac Master and have Plaintiff Rogers. Returned to his work assignment. In KCF Food service. The 4-23-15 Suspension is over.

(17) On that same day of 4-24-15. KCF Officer Mac Master signed Plaintiff, KINROSS CORRECTIONAL FACILITY CALL and ASSIGNMENT Itinerary. For the time of 12:25 pm. (See EXHIBIT "F" April 24, 2015 Call Out and Assignment Itinerary.)

(18) During that day of 4-24-15. KCF Food Supervisor Cursi stated to Plaintiff. "After lunch chow lines are down or finished. Talk with defendant Ruiz-Ojeda. About that misconduct charge of "Out of Place of 4-23-15.

(19) Thereafter, Plaintiff came to defendant Ruiz-Ojeda. When the Plaintiff was prepared depart. Being Chowlines were finished. Upon leaving. Plaintiff stopped and talked to defendant Ruiz-Ojeda. Telling him," If this is about that discipline charge of "Out of Place for 4-23-15. I have already started filing a complaint grievance against your actions."

(20) In that moment of 4-24-15. Defendant Ruiz-Ojeda not liking the fact, A complaint grievance was being filed by Plaintiff. Ruiz Ojeda told Plaintiff," I got something for you. Since you like writing grievance. You won't be working Food Service no more". Then logged Plaintiff Out of work. On the KCF Kitchen Sign-in and Sign-out Time sheet. At 13:34 pm. Then plaintiff returned. To his Housing Unit. (See EXHIBIT "G" Affidavit Sean Adam Rogers 447843 of 4-24-15.)

10

(21) Later that day of 4-24-15. Plaintiff tried to return to his dinner time shift of his Job assignment. Defendant Ruiz-Ojeda would not let me, and Stated to me, "You no longer work in KCF Food Service. Now return to your Housing Unit". I did as ordered."

(22) On 4-25-15. KCF Sergeant Teneyck called Plaintiff, To the KCF Control Center. Where plaintiff was told, "A class two disciplinary charging of "Disobeying a direct order" was wrote, By defendant Ruiz-Ojeda. For the time of 13:47pm 4-24-15.

(23) Plaintiff stated to KCF Sergeant Teneyck, "Defendant Ruiz -Ojeda is retaliating against me. Out of revenge. For me exercising my First Amendment Right. To petitioning the Government for Redress of Grievances. With that discipline charge. Because I am in the process of a complaint grievance upon defendant Ruiz-Ojeda.

(24) In that moment of 4-25-15. Plaintiff also informed the KCF Sergeant Teneyck. "On 4-24-15. I was not in the KCF Chow Hall at 13:47pm. I left at 13:34pm. A full thirteen minute, Before 13:47pm." Sergeant Teneyck never replied "Back". Other than, You are laid-in, without pay." Then plaintiff was handed a misconduct.

(25) On 4-28-15. Plaintiff filed his Complaint Grievance. For Malicious Prosecution / Creating falsified document. Against defendant Ruiz-Ojeda. Bogus! Disciplinary charge of being "Out of Place". Without Probable Cause. Had plaintiff laid-in from my work assignment. Which caused me to not get overtime pay. (See EXHIBIT "A". Complaint Grievance KCF 150506250028E).

(26) On 4-29-15. Plaintiff submitted the complaint Grievance For Retaliatory Harassment. By defendant Ruiz-Ojeda actions of filing a retaliatory disciplinary charge of "Disobeying a direct order". Meant to deter plaintiff efforts of exercising the First Amendment Right. To Petition the Government for Redress of Grievances and for revenge. Because plaintiff was taking grievable actions against him.

(27) In support of Plaintiff telling: Defendant Ruiz-Ojeda A complaint grievance was being filed. For his actions on 4-23-15." (EXHIBIT "C" KCF/50505350017b).

(28) The same day of 4-29-15. Plaintiff was given an Class Two Misconduct Hearing. For the April 23, 2015. "Out of Place" disciplinary charge. Where plaintiff was "found "Not Guilty". By KCF Class Two Hearing Officer Lieutenant Maki. (EXHIBIT "H, Not Guilty Findings, On "Out of Place" charge).

(29) During that moment of 4-29-15. Another Class Two misconduct Hearing was held. For the April 24, 2015. discipline charge of "Disobeying a direct order". Where plaintiff, was Found "guilty"; By KCF Class Two Hearing officer Lt. Maki, and received Five days. Loss of Privileges (L.O.P) [FN7] (EXHIBIT "I" The Guilty Finding. On "Disobeying a direct order" charge).

_____

Foot Note 7, "Loss of Privilege" is sanction impose on a prisoner, Found guilty. On a Formal charge.

(30) In contempt of KCF Lieutenant Maki never allowing plaintiff video evidence. Which could have shown. Plaintiff was not in KCF chow Hall. At 13:47pm. On 4-24-15. As well as Plaintiff verbally asking Hearing Officer Lt. Maki. For witness Prisoner Michael E. Barner #841996. Who could verified. At the hearing of "Disobeying a direct order". Plaintiff was not in the KCF Food Chow Hall. At 13:47pm. Plaintiff was found guilty. (EXHIBIT "J" Affidavit of Michael Barner 841996).

(31) On 4-30-15. Plaintiff received by KCF Mail. A "golden rod" copy of a fabricated CSJ-363 PRISONER PROGRAM AND WORK ASSIGN-MENT EVALUATION FORM. Submitted by defendant Ruiz-Ojeda. Who was seeking Plaintiff termination from KCF Food Service. (EXHIBIT "K" CSJ-363 Prisoner Program and Work Evaluation Form).

(32) On 5-5-15. Plaintiff filed the complaint grievance of Retaliation Harassment / Creating a false document. By defendant Ruiz-Ojeda actions of submitting a false CSJ-363 PRISONER PROGRAM and WORK ASSIGNMENT EVALUATION FORM. Upon Plaintiff. Due to plaintiff, Exercising the First Amendment Right. To Petition the Government for Redress of Grievance. When under P.D.05.01.100(2014). The defendant Ruiz-Ojeda could not submit that CSJ-363 as a Evaluator. (EXHIBIT "D", KCF 1505055200 28 A Grievance ).

_____

Foot Note B, P.D. 05.01.100 (2014) section(GG) which States: When termination from a work or school assignment is necessary, recommendation shall be submitted by the assignment supervisor using a Prisoner Program and Work Assignment Evaluation. (See EXHIBIT "L". (2014) P.D. 05.01. 100 Program Prisoner Classification )(P.D. 05.01.100 (2014 was revised in 2017) See EXHIBIT "M", Revised (2017) P.D. 05.01.100 Section (HH(33)) as well.

(33) On 5-7-15. Defendant Besteman had plaintiff come to the KCF Annex Building Control Center. At 9:45am. By way of an KCF Itinerary callout.

(34) During that moment on 5-7-15. Defendant Besteman told Plaintiff, On a CSJ-175 PROGRAM CLASSIFICATION REPORT of date 5-7-15. Plaintiff was being suspended from KCF ARAMARK Food Service and placed on Unemployable Status Double "00" FN9. On behalf of Ruiz-Ojeda. Submitted CSJ-363 of 4-30-15. (see EXHIBIT "N" PROGRAM CLASSIFICATION REPORT of 5-7-15).

(35) Plaintiff ask defendant Besteman. To be placed on the Unemployable Status of Double 00. Would I not have to be terminated. There was no replied response.

(36) Plaintiff stated to defendant Besteman. Ruiz-Ojeda could not submit that CSJ-363. Because Ruiz-Ojeda the Evaluator, Not a Assignment Supervisor. As P.D. 05.01.100 (EE)(GG)(2014). Which states: Assignment Supervisor for evaluated prisoners; When termination is necessary, the recommendation shall be submitted by the Assignment Supervisor. To the Program Classification Director.

Foot Note 9 , Unemployable "Double 00" Status on restriction from leisure time activities.

14

(37) In that same moment of 5-7-15. Plaintiff informed defendant Besteman. To the Fact, By being KCF Program Classification Director. You know or should know that Ruiz -Ojeda could not submit that CSJ-363. It's your job to know this information.

(38) Plaintiff also informed defendant Besteman."At no time", did defendant Ruiz-Ojeda, Review the CSJ-363 with plaintiff. Never was the CSJ-363 Reviewed By an assignment Supervisor with plaintiff. CSJ-363, Never had a signature From Plaintiff Assignment Supervisor. (See EXHIBIT "K).

(39) The CSJ-363 was Filed out of retaliation, With connection to a retaliatory disciplinary change. For Plaintiff exercising the First Amendment Right, Petition the Government For Redress of Grievances, Because at no time was plaintiff. In the KCF Chow Hall, At 13:47pm. On 4-24-15. Nor was defendant Ruiz-Ojeda File the CSJ-363.

(40) On that same day of 5-7-15. As a "ploy", Defendant Besteman. Agreed with plaintiff claims of not being in the KCF Chow Hall at 13:47pm and was clocked out at 13:34 pm. On 4-24-15. To get plaintiff to stop Filing complaint grievance. On defendant Ruiz-Ojeda. Grievance Number KCF 15050 5350 017b.

(41) Defendant Besteman showed Plaintiff. His "Computer" Screen Which had a KCF KITCHEN WORKER INMATE SIGN-IN and SIGN-Out. Digital Time sheet. That showed Plaintiff's departure of 13:34 pm. On 4-24-15.

(42) Plaintiff was then showed "File Folder". That had the Paper COPY of the KCF KITCHEN WORKER INMATE SIGN-IN and Sign-Out, Time Sheet. Which also departure time was at 13:34 pm. On 4-24-15.

(43) Following those events of 5-7-15. Plaintiff ask defendant Besteman. For copys of those Time sheet. And was told by defendant Besteman, "If you sign off. On KCF150505350017b. and stop Filing Grievances". Plaintiff told him "no I will not sign off".

(44) Defendant Besteman sided with defendant Ruiz-Ojeda. As defendant Besteman said that he agree with defendant Ruiz-Ojeda. "You should not work in the KCF Food Service, "Any more"! Now will be placed on Unemployable Status and Suspended from your job assignment. Since you like Filing. complaint grievances. Now leave my office. Plaintiff did,

(45) Later that day of 5-7-15. By mail Plaintiff received. A Pink copy page of the CSJ-175 PROGRAM CLASSIFICATION Report. Stating I was suspended from KCF Food Service job assignment. (see EXHIBIT "N") (Also See Plaintiff Affidavit of Sean Adam Rogers #447843 of 5-7-15 events. (EXHIBIT "O"),

16

(46) On 5-8-15. Defendant Besteman started Plaintiff Room-Restriction. Unemployable "Double 00" Status and the termination, Not Suspension from the KCF ARAMARK Food Service Job detailed assignment. Just as defendant Ruiz-Ojeda Stated, "Plaintiff would be Subjected to on 4-24-15." [FN10] This is due to defendants Besteman and Ruiz-Ojeda overt plan. To take plaintiff Job.

(47) On 5-11-15. Plaintiff submitted, "CLASS TWO and CLASS THREE MISCONDUCT APPEAL. Against the charge of "Disobeying a directorder" from 4-24-15. Despite, Plaintiff being denied "video evidences". Which would have showed that Plaintiff was not in the KCF Chow Hall. At 13:47pm, On 4-24-15. Plus calling Plaintiff witness Michael E. Barner #841996 and that Time sheet.

(48) The same day of 5-11-15. Plaintiff Filed the complaint grievance for Retaliatory Harassment/Civil Conspiracy (staff Corruption), By defendant Besteman and co conspiractor Ruiz-Ojeda. Actions to have the plaintiff Job terminated and Subject Plaintiff to Unemployable Status Room Restrictions, for exercising the First Amendment Right. To Petition the Government For Redress of Grievances. (See EXHIBIT "E", Grievance KCF1505055100 28A),

---

Foot Note 10; Defendant Ruiz-Ojeda stated, "I got something for you, Since you like writing grievances. You won't be working food Service no more".

# VIII. CLAIM FOR RELIEF.

(49) The actions of defendant Ruiz-Ojeda in paragraphs 10, 11, 13, 14, 15. Influenced decision of filing a false disciplinary charge of "Out of Place", So defendant Ruiz-Ojeda could have punished with Sanctions, Upon plaintiff. Constituted Malicious Prosecution. Without probable cause. To subject plaintiff to Prosecution of a "Formal Hearing". When defendant Ruiz-Ojeda Knew that KCF ARAMARK Food Service Supervisor "Plont". Told defendant Ruiz-Ojeda," Rogers had my permission to stay at Formal Count Time". On 4-23-15. At paragraph 12. [FN1] "Defendant Ruiz-Ojeda" still seeked consequences of that participated decision. Which seizured several work days without pay from plaintiff. Because of a suspension from Plaintiff KCF show Job assignment. Pending the outcome of the formal Misconduct Hearing, Even though. At paragraph 28. The "Out of Place" misconduct charge was dismissed. [FN11] There by, violating my right, to be secure in their person, against unreasonable Search and seizures, Shall not be violated and no warrant Shall issue, but upon probable cause". In violations of the Fourth Amendment of the United States Constitution.

Foot note 11 , Exhibit "H", Class Two Misconduct of Out of Place. Statement of KCF Food Service Supervisor Plont and the Class Two Misconduct "Findings", Show reason for "Not Guilty dismissal".

(50) The actions of defendant Ruiz-Ojeda in paragraphs 13, 15. In creating a falsified document. States and shows defendant Ruiz-Ojeda. Possessed a sufficiently Culpable state of mind. Which has caused plaintiff deprivation of life necessities. To not be able to purchase Hygienic materials and over the counter medications. For basic human needs and Futures risk of basic human needs and deprivations of exercise. Constituted deliberate Indifference behavior. When there was no legitimate correctional purpose. Due to the fact. Defendant Ruiz-Ojeda had knowledge of Plaintiff not being "Out of Place". FN 12. Nevertheless defendant Ruiz-Ojeda still created cruel living conditions of seeking to remove plaintiff from the KCF ARAMARK kitchen line worker Job assignment. without pay. In the endeavor to subject me. To cruel and unusual Punishment. In violations of the Eighth Amendment of the United States Constitution.

---

Foot Note 12, At paragraph 12 of this Complaint. Shows KCF Food "ARAMARK" Service Supervisor "Plont". Tell defendant Ruiz-Ojeda "Rogers had permission. To stay through count time, On 4-23-15, and at EXHIBIT "H", KCF ARAMARK Plont made a statement. Shows defendant Ruiz-Ojeda, Knew that "Rogers had permission. To stay through Count time From KCF Food Supervisor Plont, On 4-23-15.

(51) The actions of defendant Ruiz-Ojeda in paragraph 19, 20, 21, 26, 27 in subjected actions of Adverse Actions. Being Not letting plaintiff return to his KCF Chow Hall Dinner Shift. On 4-24-15 and a "Bogus Misconduct Charge of "Disobeying a direct Order". This being hours after Plaintiff. Told defendant Ruiz-Ojeda," A complaint grievance was on the way against Ruiz-Ojeda actions of 4-23-15". As well as directly after Defendant Ruiz-Ojeda told plaintiff, "I got something for you (plaintiff Rogers). Since you like writing grievance, You won't be working KCF Food Service no more". On 4-24-15. [FN] Then at paragraph 29. A Guilty Finding was made on the Misconduct charge, "Disobeying a Direct Order". [FN 13] Which stated Plaintiff was in the KCF Chow Hall at 13:47pm and refused to leave". Even though! Plaintiff left the KCF Chow hall before 13:47pm. [FN 14] On 4-24-15. Never to return until, My dinner Shift. Plaintiff was not allowed to work. For Plaintiff exercising his First Amendment Right to Petition the Government for Redress of Grievances. Violating the First Amendment of the United States Constitution. For Retaliatory Harassment.

---

Foot Note 13, At this 42 USC 1983 paragraphs 22, 23, 24. The Misconduct charge of Disobeying a direct Order. Gave to plaintiff 4-25-15, For 4-24-15.

Foot Note 14, EXHIBITS I, J, N. Shows and States Plaintiff left At 13:34pm. A full Thirteen minutes apart from 13:47pm and no video evidences.

[52] The actions of defendant Ruiz-Ojeda in paragraphs 31, 32 in Subjecting the plaintiff to *Adverse Employment Actions* of Retaliation Harassment. When defendant Ruiz-Ojeda created an MDOC CSJ-363 PRISONER PROGRAM AND WORK ASSIGNMENT EVALUATION. On 4-30-15. With the intentional purpose to ensure revenge, being plaintiff's removal from his KCF ARAMARK Food Service job assignment, For plaintiff exercising his First Amendment Right. To Petition the Government for Redress of Grievances, Under the United States Constitution. At complaint grievances # KCF 150506250028A and KCF 150505350017B against defendant Ruiz-Ojeda. Not many days, Before the CSJ-363. Upon plaintiff, Even though! In EXHIBIT "L", MDOC P.D. 05.01.100 (EE)(GG)(of then 2014, But revised in 2017). States that defendant Ruiz-Ojeda could not submit. The KCF Food Service CSJ-363, Upon Plaintiff, Due to the fact, Defendant Ruiz-Ojeda was the Evaluator and not a KCF Food Service Assignment Supervisor. Also for not being a Assignment Supervisor. Defendant Ruiz-Ojeda. Should not have been the Evaluator of that CSJ-363 as well. Resulting in the plaintiff being removed from KCF Food Service. At paragraph 46.[FN15] On 5-8-15.

---

Foot Note 15, KCF PROGRAM CLASSIFICATION DIRECTOR Besteman used that CSJ-363, To terminate Plaintiff.

(53) The actions of defendant Besteman in paragraphs 34, 35, 40, 43, 44, 45, 46. Are establishing the Adverse Actions of Retaliatory Harassment. Which shows defendant Besteman using a fraudulent or Bogus CSJ-363 by defendant Ruiz-Ojeda. So that defendant Besteman could terminate plaintiff from KCF Food Service. With the sole purpose of placing a punishable Reclassification of Unemployable "Double 00" Status. Which Per MDOC P.D. 05.01.100 (X #1-5)(Then 2014, But revised 2017).[FN16] Plaintiff does not qualify to being subjected to for any reason. Because plaintiff did not fit any of those principles for Unemployable Status. Just defendants Besteman and Ruiz-Ojeda. Plot of having plaintiff removed from KCF Food Service. As stated by defendant Ruiz-Ojeda. In paragraph 20. and defendant Besteman. At paragraph 44. Because the plaintiff proceeds on with this EXHIBIT "A", "C", "D". To exercise his First Amendment Right. To Petition the Government for Redress of Grievances. To the United States Constitution. In addition to this claims. Defendant Besteman is the KCF Program Classification Director. Who has knowledge that the CSJ-363. Must be filed by the Assignment's Supervisor. Per MDOC P.D. 05.01.100 (EE)(GG)(Then 2014) with a KCF Food Service Supervisor signature and reviewed plaintiff or it cannot be used. As tool of reclassifications.

Foot Note 16   , Exhibit "L", Shows nowhere plaintiff is ineligible for work assignments or has a History of disruptive behavior."

(54) The actions of defendants Ruiz-Ojeda in paragraph 20, 21, 22, 24, 31, 38 and Besteman in paragraphs 34, 37, 39, 40, 41, 42, 43, 44, 45, 46. Also constitutes a Civil Conspiracy. Between the defendants Ruiz-Ojeda and Besteman. To take part in the plan of having plaintiff removed from his KCF Chow Hall job assignment. For plaintiff exercising the First Amendment Right. To Petition the Government For Redress of Grievances. Which is of the United States Constitution. Against defendant Ruiz-Ojeda, The execution of plan. Happened after defendant Ruiz-Ojeda. Told Plaintiff, "You won't be working Food Service no more. On 4-24-15", Then created a Bogus Misconduct charge "Disobeying a direct order". EXHIBIT "I", So next. Defendant Ruiz-Ojeda could file a forged CSJ-363 Prisoner Program and Work Assignment Evaluation Form. EXHIBIT "K", Because both defendants Ruiz-Ojeda and Besteman Know there must be a CSJ-363, Provided to defendant Besteman. Due to the fact, A Program Classification Director. Is the only staffmember. Who could and would remove plaintiff from his job assignment. So defendant Ruiz-Ojeda posed as the Evaluator of the CSJ-363, without a Assignment "ARAMARK" Supervisor Signature and had did no review with plaintiff Rogers. Then accepted the CSJ-363, was defendant Besteman. Who as KCF Program Classification Director. Knows under MDOC P.D. 05.01.100 (EE)(GG)(Then 2014). All CSJ-363 Prisoner Program and Work Assignment Evaluation must Be submitted. By an Assignment Supervisor. Which Ruiz-Ojeda was not by any standard. Still in the end. Besteman used the CSJ-363. Terminate Plaintiff. Never to work KCF Food Service "again".

(55) The collective actions of defendant Ruiz-Ojeda and Besteman, as here to pled by the Plaintiff in paragraphs 10 through 48 contracy to their affirmative oaths (and the inherent duties therein described) under the color of laws Per 18USC § 242 and contained in Michigan State Constitution 1963, were professionally neglient, with a deliberate indifferent, and omitted their affirmative duties to Plaintiff Sean Adam Rogers in the following manners where pertinent:

A. "Malicious Prosecution" against Plaintiff Rogers Right. To be secure in their "person", against unreasonable Search and Seizure, Shall not be violated and warrant Shall issue, but upon Probable Cause, of the Fourth Amendment to United States Constitution.

B. "Cruel and Unusual Punishment" against Plaintiff Rogers rights. To be Free from Objective and subjective. Unfair living conditions and neglience. To the United States Constitution Eighth Amendment.

C. "Retaliations" against Plaintiff Rogers for exercising the United States Constitution. First Amendment right to Petition the Government For Redress of Grievances.

D. "Civil Conspiracy" to willfully obstruct the Plaintiff from exercising the First Amendment rights and did "Retaliate against and Harass the plaintiff for exercising that United States Constitution. Right of Petition the Government For Redress of Grievances.

(56) As a direct result of the defendants Ruiz-Ojeda and Besteman, "Malicious Prosecution; Cruel and Unusual Punishments; Retaliatory and Retaliation of Harassment; Civil Conspiracy against Plaintiff Rogers. For plaintiff exercising his First Amendment Rights and the combined "neglience" affirmative duties the defendants owed to Plaintiff Rogers. Plaintiff Rogers sustained damages as a direct and proximate result thereof which include, But are not limited to the Following:

A. Loss of Institutional wages on the dates of April 23, 24 to July 7, 2015 at a rate of pay of $1.75 per day. 5 days a week totaling circa $105.00. With promotions $3.25 per day. 5 day July 8, 2015 to September 13, 2016. Totaling $1560.00, For not plaintiff termination.

B. A $350.00 Filing Fee charge that is amortized from the plaintiff meager institutional wages prior to the this complaint ever getting served on any defendants.

C. The material expense of preparing this legal complaint. Which Included postage and future postage, equals approximately $210, dollars.

D. The presumed inherent injurys that occurs when United States Constitution Rights, First Amendment right are interfered with and a retaliation occurs for exercising those right in excess of $85,000.00.

# IX. RELIEF REQUEST

(57) WHEREFORE, Plaintiff request that this Court grant the following relief:

A. Declare that defendant Ruiz-Ojeda violated Plaintiff's Fourth Amendment Right, To United States Constitution. When Without Probable Cause, Plaintiff was subjected to an disciplinary Hearing. To a formal disciplinary charge of "Out of Place".

B. Declare that defendant Ruiz-Ojeda violated Plaintiff's Eighth Amendment Right. To United States Constitution. When "objective" deprivations of basic human needs and harsh living conditions that amount to "Subjective" deliberate Indifference of future risk of lost wages. Meant for Hygene and medications.

C. Declare that defendant Ruiz-Ojeda violated Plaintiff's First Amendment Right. To the United States Constitution. When Ruiz-Ojeda took Adverse "Retaliatory" actions, For plaintiff exercising his First Amendment Right. To Petition the Government for Redress of Grievances. That is a disciplinary charge of "Disobeying a Direct Order". That Never occurred.

26

D. Declare that Defendant Ruiz-Ojeda violated Plaintiff's First Amendment Right of the United States Constitution of exercising the First Amendment Right. To Petition the Government for Redress of Grievance. When defendant Ruiz-Ojeda took Adverse Emploreement Actions against plaintiff with a forged MDOC CSJ-363 Prisoner Program and Work Assignment Evaluation.

E. Declare that both defendants Besteman and Ruiz-Ojeda violated Plaintiff's Right. To Petition the Government For Redress of Grievances. Under the First Amendment of the United States Constitution and Civil Conspiracy's ploys of Termination from a job assignment.

F. Issue an Injunction ordering to:

1.) The bogus or fraudulent misconduct created by defendant Ruiz-Ojeda and the bogus CSJ-363 referred to in paragraphs 20, 21, 22, 23, 24 and in the 31, 32 be expunged from Plaintiff's MDOC institutional record.

G. Award compensatory damages in the following amounts:

1. $30,000 jointly and severally against defendant Ruiz-Ojeda for the physical and emotional injuries sustained as a result of Malicious Prosecution.

27

2. $30,000 jointly and severally against defendant Ruiz-Ojeda for the physical and emotional injuries sustained as a result His Retaliation and Harassment against Plaintiff. For the exercising of the First Amendment right. To Petition for the Government for Redress of Grievances. Under United States Constitution.

3. $25,000 jointly and severally against defendants Ruiz-Ojeda and Besteman for the physical and emotional that the Plaintiff sustained as a result of their part in the Civil Conspiracy to retaliate and Harassments of plaintiff for exercising the First Amendment right. To petition for the Government for Redress of Grievance. To United States Constitution.

H. Award exemplary or punitive damages in the amounts;

1. $100,000.00 against defendant Ruiz-Ojeda;

2. $25,000.00 against defendant Besteman;

I. Award Plaintiff all costs and fees for the filling and cost of this action.

J. Grant such other relief as it may appear the plaintiff is entitled.

*Sean Rogers*

Sean Adam Rogers 447843
1500 Cabefae Highway
Manistee, MI 49660

28

Sean Adam Rogers 447843
OAKS Correctional Facility
1500 Calberfae Highway
Manistee, MI 49660



U.S. POSTAGE >> PITNEY BOWES

ZIP 49626 $ 007.90⁰
02 1W
0001403131 JUL 13 2018

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
399 Federal Building
110 MICHIGAN N.W.
Grand Rapids, MI 49503



UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9014 9645 1719 4475 76

Label 400 Jan. 2013
7690-16-000-7948