UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

SEAN ADAM ROGERS,

        Plaintiff,

v.

UNKNOWN RUIZ-OJEDA et al.,

        Defendants.

Case No. 2:18-cv-115

Honorable Gordon J. Quist

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Fourth and Eighth Amendment claims, as well as Plaintiff's conspiracy claims, for failure to state a claim.

## Discussion

    I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The

events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Unknown Ruiz-Ojeda and Program Classification Director Unknown Besteman.

Plaintiff alleges that on April 23, 2015, Defendant Ruiz-Ojeda told Plaintiff that he was going to write a misconduct on him for being out of place because Plaintiff was in food service during count time. Plaintiff told Defendant Ruiz-Ojeda that his Aramark Food Service Supervisor had instructed him to stay at his job assignment during count. Plaintiff's supervisor also told Defendant Ruiz-Ojeda that Plaintiff had his permission to stay at work during count. Defendant Ruiz-Ojeda stated that he was going to give Plaintiff a misconduct ticket regardless of whether Plaintiff had permission to be in food service. Defendant Ruiz-Ojeda wrote the ticket and Plaintiff was laid-in from his job assignment.

On April 24, 2015, Plaintiff was told to return to his job assignment because the suspension was over. During the day, KCF Food Supervisor Cursi told Plaintiff to talk to Defendant Ruiz-Ojeda about the misconduct charge after the lunch chow line was finished. Plaintiff subsequently told Defendant Ruiz-Ojeda that he was going to file a grievance on him regarding the misconduct ticket. Defendant Ruiz-Ojeda responded by telling Plaintiff that since he liked writing grievances, he would make sure Plaintiff lost his job in food service. Defendant Ruiz-Ojeda then logged Plaintiff out of work at 1334 hours. Later that day, Plaintiff attempted to return to his dinner job assignment but was told that he no longer worked in food service.

On April 25, 2015, Sergeant Teneyck told Plaintiff that Defendant Ruiz-Ojeda had written a class II misconduct on him for disobeying a direct order at 1347 hours on April 24, 2015. Plaintiff told Sergeant Teneyck that Defendant Ruiz-Ojeda was retaliating against him and that he was not even in the chow hall at 1347 hours. Plaintiff explained that he had been logged out of

his job and returned to his unit at 1334 hours. Sergeant Teneyck merely told Plaintiff that he was laid-in without pay and should return to his unit.

On April 28, 2015, Plaintiff filed a grievance on Defendant Ruiz-Ojeda for writing a false out-of-place misconduct on him on April 23, 2015. On April 29, 2015, Plaintiff filed a grievance on Defendant Ruiz-Ojeda for writing the retaliatory disobeying-a-direct-order misconduct on him on April 24, 2015. Plaintiff had hearings with Lieutenant Maki and was found guilty of both misconduct tickets on April 29, 2015. Plaintiff's requests for witness Michael E. Barner #841996, who could verify that Plaintiff was not in the chow hall at 1337 hours on April 24, 2015, and for video evidence were denied.

On April 30, 2015, Plaintiff received a copy of a fabricated CSJ-363 Prisoner Program and Work Assignment Evaluation Form, which showed that Defendant Ruiz-Ojeda was asking to have Plaintiff terminated from his food service job. On May 5, 2015, Plaintiff filed a grievance regarding Defendant Ruiz-Ojeda's retaliatory attempt to have him fired. On May 7, 2015, Defendant Besteman told Plaintiff that he was being suspended from KCF Aramark Food Service and was being placed on unemployable status. Plaintiff asked how he could be placed on unemployable status if he had not been fired, but Defendant Besteman did not respond. Plaintiff also stated that Defendant Ruiz-Ojeda could not be an evaluator on the CSJ-363 because he was not Plaintiff's supervisor, which is required by MDOC policy.

In an attempt to stop Plaintiff from filing complaints, Defendant Besteman showed him the computer screen which indicated that Plaintiff had signed out of his job in the kitchen at 1334 hours on April 24, 2015. Defendant Besteman told Plaintiff that he would give him a copy of the form if Plaintiff signed off on grievance No. KCF 150505350017b and agreed to stop filing grievances. Plaintiff refused and Defendant Besteman stated "You should not work in the KCF

3

Food Service anymore. Now you will be placed on unemployable status and suspended from your job assignment since you like filing complaint grievances. Now leave my office." Later that day, Plaintiff received a document stating that he had been suspended from his KCF food service job assignment.

On May 8, 2015, Defendant Besteman instituted Plaintiff's room restriction and unemployable status, and terminated Plaintiff's job assignment. Plaintiff filed appeals of each of his misconduct convictions on May 11, 2015. Plaintiff's April 23, 2015, "out of place" misconduct was dismissed. Plaintiff claims that Defendant violated his rights under state and federal law. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Ruiz-Ojeda violated his Fourth Amendment right to be free from unreasonable seizure when he "seized" several days of work from Plaintiff by writing a false misconduct on him for being out of place. The Fourth Amendment protects against unreasonable searches and seizures by a representative of the government. *Hudson v. Palmer*, 468 U.S. 517, 522-526, 528 n 8 (1984). However, Plaintiff does not allege that Defendants performed an unreasonable search or that they "seized" his property, but rather that Defendant Ruiz-Ojeda caused him to lose time on his job assignment. The Fourth Amendment does not protect against the threat of job loss. *Pennington v. Metro. Gov't of Nashville & Davidson Cty.*, 511 F.3d 647, 652 (6th Cir. 2008) (*citing Driebel v. City of Milwaukee,* 298 F.3d 622, 642 (7th Cir. 2002)). Therefore, Plaintiff's Fourth Amendment claim is properly dismissed.

Plaintiff claims that Defendants violated his Eighth Amendment rights by having Plaintiff removed from his job assignment without cause. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's claim that he was deprived of his job assignment does not rise to the level of an Eighth Amendment claim "[N]o prisoner has a constitutional right to a particular job or to any job." *Ivey*, 832 F.2d at 955. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

Plaintiff claims that Defendants engaged in a conspiracy to retaliate against him in order to punish him for filing grievances. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In this case, Plaintiff fails to allege the existence of "a single plan" or that Defendants "shared in the general conspiratorial objective" to deprive Plaintiff of a constitutional right (or a federal statutory right). *Hensley*, 693 F.3d at 695; *Bazzi*, 658 F.3d at 602. Therefore, Plaintiff's conspiracy claims are properly dismissed.

Finally, Plaintiff claims that Defendants retaliated against him for his use of the grievance system by depriving him of his job assignment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that

7

conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The Court concludes that on the face of his complaint, Plaintiff has set forth sufficient facts to state a retaliation claim against both Defendants.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourth and Eighth Amendment claims, as well as Plaintiff's conspiracy claims, will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated: November 9, 2018                                    /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE